J-S31026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PORSCHA PURNELL | : | |
| | : | |
| Appellant | : | No. 717 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000841-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 24, 2025**

Appellant, Porscha Purnell, appeals from the November 15, 2024 judgment of sentence of two years of reporting probation entered in the Philadelphia County Court of Common Pleas following her conviction at a bench trial of Conspiracy to Commit Simple Assault, Simple Assault and Recklessly Endangering Another Person ("REAP").[1]  Appellant challenges the weight of the evidence in support of her convictions.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On December 17, 2022, at approximately 9:30 P.M., the victim, Cortez White, discovered Appellant, Andrew Willis, and Darnell Miller in his home.[2]  Mr. Willis proceeded

---

[1] 18 Pa.C.S. §§ 903, 2701(a), and 2705, respectively.

[2] Mr. White was in the process of moving out of the home, which he shared with numerous people including Appellant.

to punch Mr. White in the face. Appellant then handed an aluminum bat to Mr. Miller, which Mr. Miller used to smash Mr. White's property and strike Mr. White. Appellant also struck Mr. Miller with a closed fist, then took the bat from Mr. Miller and hit Mr. White with it on his lower left ribcage. Appellant, Mr. Willis, and Mr. Miller hit Mr. White more than 20 times, causing multiple contusions, cuts, and bruises.

Following this incident, the Commonwealth charged Appellant with the above crimes.[3] She proceeded to a non-jury trial at which Mr. White testified in accordance with the above facts. Mr. White also explained, on cross-examination, that the day before the attack, another incident occurred at his home, which involved a "conflict" between Appellant and some of her family members. N.T., 5/20/24, at 29. Mr. White also testified that he believed that Appellant had called the police to come to his home on the night of the incident. He further testified that, although the police arrived at his home and spoke with Appellant, they did not arrest her. In fact, the police "didn't do anything." *Id.* at 25. Instead, Mr. White went to the police station immediately after the attack ended. The Commonwealth presented photographs taken at the police station documenting Mr. White's injuries.

With respect to the photographs, on cross-examination Appellant's counsel asked Mr. White why, if he went to the police station immediately after the attack, the photographs of his injuries displayed a digital date-stamp

_____

[3] The Commonwealth also charged Appellant with Aggravated Assault and Terroristic Threats. The trial court acquitted Appellant of those charges.

- 2 -

of December 18, 2022, the day after the attack. Appellant also moved into evidence for purposes of impeachment a video recording of the statement Mr. White made to the police. The officer recording the statement noted that the date was December 18, 2022.

Appellant testified on her own behalf that on the day of the incident, she was in the house she shared with, *inter alia,* Mr. White and heard him enter. This caused Appellant her to go upstairs and call the police because the prior day Mr. White had "got [her] attacked." *Id.* at 44. She testified that Mr. White and Mr. Willis were fighting because, the prior day, Mr. White and Warren Muhammad, Appellant's former paramour, "jumped [her] and [her] kids." *Id.* at 45. Appellant described hearing Mr. Willis propose to Mr. White that they fight and then seeing the men fight. Appellant denied picking up a baseball bat or assaulting Mr. White in any way.

At the conclusion of the trial, the court convicted Appellant of Conspiracy to Commit Simple Assault, Simple Assault, and REAP. On November 15, 2024, the trial court sentenced Appellant to a period of two years of reporting probation at each conviction and ordered Appellant's sentences to run concurrently.

Appellant filed a timely post-sentence motion in which she claimed that her convictions were against the weight of the evidence because "the verdict was based solely on the word of [Mr. White], and said testimony is nonsensical." Motion, 11/23/24, at ¶ 2. She characterized Mr. White's

testimony as "inherently unreliable" and, therefore, "incapable of supporting a verdict of guilty beyond a reasonable doubt." *Id.* at ¶ 3.

The trial court denied Appellant's post-sentence motion and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the weight of the evidence. Appellant's Brief at 3. In support of this claim, Appellant highlights portions of Mr. White's testimony that she asserts are contradictory and claims that the Commonwealth did not present evidence to corroborate Mr. White's claim that it was Appellant who hit him with a baseball bat. *Id.* at 4-5.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for the fact[-]finder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, 129 A.3d at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *Id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence

presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Id.* (citation and internal quotation marks omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 n.3 (Pa. 2000).

In explaining its reasons for denying Appellant's post-trial motion based on her challenge to the weight of the evidence, the trial court dismissed Appellant's claim that Mr. White's testimony constituted "the unreliable and contradictory testimony of a biased witness" and, instead, found that "the record reflects that the core of [Mr. White's] account remained consistent with his statement to police, video of which was introduced at trial by [Appellant], and was corroborated by other evidence." Trial Ct. Op., 4/23/25, at 3. The court also found that the photographic evidence of Mr. White's injuries corroborated his account, and "provided objective support for [his] description of the incident." *Id.* The court concluded that any minor inconsistencies in Mr. White's testimony such as the date of his police interview "do not diminish the weight of the evidence to the degree necessary to shock one's sense of justice" and, therefore, its verdict was not against the weight of the evidence. *Id.* (internal quotation marks omitted).

Following our review, we find no abuse of discretion in the trial court's determination that the verdict was not against the weight of the evidence. Appellant essentially asks us to reweigh the evidence and usurp the authority of the trial court to determine the credibility of the witnesses. We cannot and will not do so. Our review of the record shows that the evidence is not so tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the conscience of the court. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/24/2025</u>